IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAVIAN CALEB STEWARD,

    Defendant.

Case No. 23-CR-30021-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a motion *in limine* filed by and Defendant Tavian Caleb Steward ("Steward") (Doc. 26). For the following reasons, the Court GRANTS the motion in part and DENIES the motion in part.

### BACKGROUND

On July 7, 2021, Steward, a young man of 21, entered a plea of guilty in the Northern District of Oklahoma, *to wit,* 21CR00028-2. As a result of the plea, Steward was sentenced to a total term of incarceration of 180 months and was committed to the custody of the U.S. Bureau of Prisons. Additionally, convictions were entered as follows:

    (1) Carjacking, in violation of 18 U.S.C. §§ 2119(1) and (2);

    (2) Carrying, Using, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii);

    (3) Robbery in Indian County, in violation of 18 U.S.C. §§ 1151. 1153, and 2111; and,

    (4) Carrying, Using, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

On February 24, 2023, the Grand Jury indicted Steward with one count of Possession of Contraband in Prison in violation of 18 U.S.C. §1791(a)(2) and (b)(3) (Doc. 1). The indictment referenced an incident that occurred on or about October 27, 2022 in Bond County, Illinois at FCI-Greenville, a Federal correctional, detention, and penal facility[1] (*Id*).

On September 4, 2023, Steward filed a Motion *in Limine* along with supporting memorandum of law (Docs. 25, 26). Steward argued that his prior arrests, juvenile adjudications, adult convictions and offense behavior are not part of prior relevant conduct and should be excluded, and he cited to Rules 401-404, as well as to Rule 609 of the Federal Rules of Evidence to support his argument (*Id*.).

On September 18, 2023, the government filed its response to the motion *in limine* (Doc. 30). The government's argument focused on the admissibility of Steward's prior convictions for impeachment purposes (*Id.*) The government did not oppose the motion regarding other prior bad acts – including juvenile adjudications, arrests, and other uncharged conduct – unless Steward testifies at trial and "opens the door" through questioning or testimony (*Id*.).

## LEGAL STANDARD

A federal district court's authority to rule on motions *in limine* is derived from its inherent authority to manage the course of a trial. *D.W.K. v. Abbott Labs., Inc. (In re Depakote)*, 87 F. Supp. 3d 916, 920 (S.D. Ill. 2015) (citing *Luce v. United States,* 469 U.S. 38, 41, n.4 (1984)). Motions *in limine* are intended "to avoid the delay and

---

[1] FCI-Greenville is a facility within the Federal Bureau of Prisons.

occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999). Such motions perform a gatekeeping function by allowing a trial judge to eliminate evidence "that clearly ought not be presented to the jury" because it would be inadmissible for any purpose. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

As these rulings are preliminary, a federal district court reserves the power to make evidentiary rulings as a trial progresses and remains free to revisit or alter its earlier disposition of a motion *in limine. See Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013); *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

## ANALYSIS

Although Steward moved *in limine* to exclude evidence of his prior arrests, juvenile adjudications, uncharged conduct, and adult convictions, the only issue before the Court is whether the government is permitted to impeach him with his prior felony convictions. Indeed, the government does not oppose the motion as to any other prior acts and/or conduct.

With respect to the adult felony convictions, Steward contended that they should be excluded because they are irrelevant under FRE 402; because the probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, misleading the jury, undue delay, and wasting time under FRE 403; because he is willing to stipulate that at the time of the offense, he was serving a sentence in FCI – Greenville, so any reason for admission would relate to propensity and would violate FRE 404(b); because the prejudicial effect of the convictions outweighs their probative

value under FRE 609(a)(1)(B); and, because the prior offense did not involve a dishonest act or a false statement admission is prohibited under FRE 609(a)(2).

I. **Applicable Law**

Federal Rule of Evidence 609 governs the admissibility of a witness's prior convictions for purposes of impeachment and permits admission of a criminal defendant's prior felony convictions for impeachment, as long as the probative value of such evidence outweighs the prejudicial effect to the defendant. Fed. R. Evid. 609(a)(1)(B). Practically speaking, evidence that an accused has been convicted of a crime within 10 years of the present offense that was punishable by more than one year in prison shall be admitted if the court determines that the "probative value of admitting this evidence outweighs its prejudicial effect." *Rodriguez v. United States,* 286 F.3d 972, 983 (7th Cir. 2002). If more than ten years have passed, evidence of conviction will be admissible only if (1) its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect; and (2) the proponent gives the defendant reasonable written notice of intent to use the conviction so that the defendant may contest use of the conviction. *Id.* (*emphasis added*).

The Seventh Circuit has articulated the following five-part test to guide district courts in the exercise of its discretion in determining whether the probative value of a conviction outweighs its prejudicial effect:

    (1) Impeachment value of the prior crime;

    (2) The point in time of the conviction and the defendant's subsequent history;

    (3) The similarity between the past and the charged crimes;

(4) The importance of the defendant's testimony; and

(5) The centrality of the credibility issue.

*United States v. Mahone*, 537 F.3d 922, 929 (7th Cir. 1976).

The Seventh Circuit favors admission of evidence of prior felony convictions where a defendant's testimony is of "utmost importance," noting that defendants put their own credibility at issue by testifying. *United States v. Toney*, 27 F.3d 1245, 1253 (7th Cir. 1994) (citing *United States v. Nururdin*, 8 F.3d 1187, 1191–92 (7th Cir. 1993)). The admission of similar offenses, however, is disfavored due to the possibility that the jury will see it as an indication of a propensity to commit a crime, but this can be overcome by other factors such as the importance of a defendant's credibility. *E.g., United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004). Furthermore, the prejudicial effect of prior convictions may be overcome by a limiting instruction to the jury as to the purposes for which such evidence may be used. *Nururdin*, 8 F.3d at 1192.

**II.     Discussion**

The United States has not filed a notice of intent nor has one been requested, but in response to this motion, the government asserted that Steward's prior convictions are admissible for impeachment purposes if he testifies (Doc. 30). In fact, the government contended that the seminal standard had been met and that "the probative value of these convictions as to Defendant's credibility clearly outweighs any prejudicial effect." (*Id.*). Conversely, Steward objected to the use of his felony convictions, claiming that the "unfair prejudice outweighed any probative value" (Doc. 26, p. 13).

Because there is a dispute surrounding the admissibility of these convictions, the Court shall consider the five factors in an effort to determine whether the probative value of any of Steward's prior crimes outweighs the prejudicial effect of admission. However, the factors are just a guide to the discretion of this Court. See *United States v. Hernandez,* 106 F.3d 737, 739–40 (7th Cir.1997)

1. Impeachment Value: Generally, exclusion is favored where none of the convictions go towards truthfulness. Nevertheless, there is an inherent aspect of dishonesty in the convictions that is somewhat probative even though Steward's convictions do not necessarily involve deceit or false statements within the meaning of Rule 609(a)(2). *See United States v. Smith,* 181 F.Supp. 904, 909 (N.D. Ill. 2002) (Convictions for robbery, burglary, and theft can be somewhat probative of credibility).

2. Conviction Timeframe: There is no question that Steward's felony convictions are well within the ten-year time period of Rule 609 as they occurred in 2021. Additionally, defendant has no subsequent history as he has been incarcerated since his arrest on January 10, 2021.

3. Similarity of Crimes: This factor favors admission because none of Steward's prior convictions were similar to his current offense and thus would not tend improperly to suggest to the jury any tendency on his part to commit the instant offense. *See United States v. Harding,* 525 F.2d 84, 90 (7th Cir.1975) (noting that the similarity between a prior offense for possession of 80 pounds of marijuana with the present offense of the sale of one gram of cocaine created a strong risk of unfair prejudice).

Factors 4 and 5 are often considered together.

4. Importance of Defendant's Testimony: Although the Court cannot foresee

Steward's testimony or his theory of the case, there is a strong probability that his testimony will differ from, and potentially contradict, that of the corrections officer(s). Additionally, because the charged offense occurred while Steward was in FCI-Greenville, there is no question that Steward is a convicted felon. See *U.S. v. Montgomery,* 390 F.3d 1013, 1015 (7th Cir. 2004) (Court considered this factor favored admission because the jury would "know he's a felon, anyway.")

5. Credibility: Again, this Court does not know Steward's theory of the case; however, because his version of events will likely contradict that of the prosecution, his credibility is a crucial part of the case. *Id.* (The Court considered the fifth factor, the centrality of credibility, as the crux of the case in light of the conflicting testimony.).

In total, the second thru fifth factors all favor admitting Steward's prior convictions, and this Court holds that the probative value of admission outweighs any prejudicial effect. Accordingly, the Court will permit the government to use these convictions to impeach Smith if he testifies.

### III. Safeguards

Notwithstanding the foregoing, the Court would like to minimize any potential prejudice. As the government has indicated, the Seventh Circuit Pattern Instructions include one for this purpose, Instruction 3.06, which states as follows:

> "You may consider evidence that the defendant was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose. The other convictions are not evidence of whether the defendant is guilty of the crime charged in this case."

Instruction 3.06 shall be tendered in this case. As an additional safeguard, the impeachment is limited to the date and nature of the conviction. The jurors do not need

information regarding the exact sentence, other than learning that Steward was remanded to the Bureau of Prisons and was assigned to Greenville-FCI, where he was incarcerated when this incident occurred.

## CONCLUSION

Accordingly, the Court **GRANTS in part and DENIES in part** Steward's motion *in limine*. The Court grants the motion in so far as the government is prohibited from introducing any evidence of Steward's prior arrests, juvenile adjudications, and uncharged conduct and denies the motion to the extent the government may impeach Steward as to his prior convictions. The Court further notes that any determination of whether Steward or his counsel "opens the door" to his criminal history will be made during trial.

**IT IS SO ORDERED.**

**DATED: November 28, 2023**

                                       */s/ Stephen P. McGlynn*
                                       **STEPHEN P. McGLYNN**
                                       **U.S. District Judge**