IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>TAVIAN CALEB STEWARD,<br><br>        Defendant. | Case No. 23-CR-30021-SPM |

### MEMORANDUM & ORDER

**McGLYNN, District Judge:**

Defendant Tavian Caleb Steward has filed a Motion for Judgment of Acquittal. (Doc. 46). For the following reasons, the motion is **DENIED**.

#### BACKGROUND

On February 24, 2023, Steward was indicted on one count of possession of contraband in a penal institution in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(3). (Doc. 1). The case proceeded to jury trial on April 16, 2024. (Doc. 38). The Government called two witnesses during the trial. (*Id.*). At the close of the government's case, Steward made an oral motion pursuant to Rule 50 for Judgment as a Matter of Law, which was taken under advisement. (*Id.*). Steward did not testify or present any evidence. (*Id.*). The jury returned a verdict of guilty on April 16, 2024. (Doc. 41).

On April 30, 2024, Steward filed his motion for judgment of acquittal along with supporting memorandum of law. (Docs. 45, 46). Said motion was filed pursuant to Rule 29(c)(1) of the Federal Rules of Criminal Procedure, which allows for the making or the renewing of a motion for judgment of acquittal "...within 14 days after a guilty verdict

or after the court discharges the jury, whichever is greater." FED.R.CRIM.P. 29. On May 28, 2024, the government filed its timely response to Steward's Motion for Judgment of Acquittal. (Doc. 49).

The Court will not summarize the evidence presented over the course of trial – the transcript speaks for itself. Instead, in assessing the instant motion, the Court will evaluate the evidence required to address arguments raised by Steward. Further, when discussing the facts adduced at trial, they will be presented in a light most favorable to the government. *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016)

### APPLICABLE LEGAL STANDARDS

A defendant in a criminal case who has been found guilty by a jury may move for a judgment of acquittal under Rule 29(c). FED. R. CRIM. P. 29(c). The Court will reverse a guilty verdict only if when viewed in the light most favorable to the prosecution, "the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Leal*, 72 F.4th 262, 267 (7th Cir. 2023); s*ee also United States v. Colonia,* 870 F.2d 1319, 1326 (7th Cir. 1989) (Evidence is sufficient if "*any* rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt, viewing the evidence and every reasonable inference in the light most favoring the prosecution.") (emphasis added); *United States v. Bruun,* 809 F.2d 397, 408 (7th Cir. 1987) (a jury verdict may be overturned only "where the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.") (citations omitted).

Recently, the Seventh Circuit emphasized that this burden was "nearly

insurmountable". *United States v. Gonzalez,* 2024 WL 937046 (7th Cir. 2024). In fact, if there are competing interpretations of what transpired, it is up to the jury, not the Court, to choose which version to believe. *See United States v. Farmer*, 38 F.4th 591, 602 (7th Cir. 2022) ("We can neither reweigh the evidence nor reassess witness credibility.").

## DISCUSSION

There were three elements on the burden of proof instruction that was submitted to the jury in this case: First, that the defendant was an inmate of a prison; second, that the defendant knowingly possessed an object; and, third, that the object is a prohibited object. (Doc. 49).

This Court has reviewed the trial transcript, which has been filed at Document 48. The evidence confirmed that a "homemade prison weapon, sharpened to a point at one end, with a brown handle for a lanyard" was found in Steward's pocket. (Doc. 48, p. 48:16-17). In fact, Corrections Officer Eric Farmer testified, "I discovered an item in his left front pocket." (Doc. 48, p. 47:21-22). Additionally, at trial, the parties stipulated that Steward was an inmate of FCI Greenville. (Doc. 48, p. 56: 1-8). As such, only the second element is at issue - Steward contends that the jury substituted strict liability for the burden of proof and asserted three main "deficiencies" in support of his argument. (Doc. 48).

Steward first alleged that the evidence about his hand movements was ambiguous; however, that is not what the transcript conveyed. Officer Hampton testified that he asked [Steward] to accompany him outside the recreation area, and "I told him to keep his hands by his side and don't attempt to put his hands in his

pocket." (Doc. 48, p. 23:15-16). Officer Hampton further testified that he told Steward to "take his hands out of his pockets" and "don't attempt to put his hands in his pockets." (Doc. 48, p. 24: 3-4). The trial transcript continues as follows:

> Q [Mr. Dean]   Did you tell him to stand up?
> A [Hampton]    Stand up and accompany us outside.
> Q [Mr. Dean]   Did he stand up?
> A [Hampton]    He stood up.
> Q [Mr. Dean]   Did he obey your order to keep his hands out of his pockets?
> A [Hampton]    No. He immediately went for his pockets.
> Q [Mr. Dean]   He reached for his pockets?
> A [Hampton]    Yes.
> Q [Mr. Dean]   Okay. What did you do at that point?
> A [Hampton]    At that point, we grabbed ahold of his arms and applied hand restraints to him.
> Q [Mr. Dean]   Why did you do that?
> A [Hampton]    Wanted to make sure that he didn't try to go for anything that would harm us or anybody else in the room.

In addition to the discovery of the knife in Steward's pocket, the jury heard the testimony about Steward disobeying direct commands, and about Steward reaching for his pockets. The jury could infer from the evidence that Steward knowingly possessed the 'contraband object'. Indeed, it is well recognized that circumstantial evidence and reasonable inferences drawn from that evidence can be used to satisfy the government's burden of establishing that the defendant had the knowledge necessary to commit the crime. *United States v. Tylkowski*, 9 F.3d 1255, 1260; *see also United States v. Cerro*, 775 F.2d 908, 911 (7th Cir.1985) ("knowledge can be inferred from circumstantial evidence").

Steward next contended that the evidence excluding other explanations for the

contraband in his pocket was lacking. (Doc. 46, p.3). When evaluating a defendant's motion for judgment of acquittal, the court considers the evidence in the light most favorable to the prosecution, draws all reasonable inferences in its favor, and "affirms the conviction so long as any rational trier of fact could have found the defendant to have committed the essential elements of the crime." *United States v. Hassebrock,* 663 F.3d 906, 918 (7th Cir. 2011) (citing *United States v. Paneras,* 222 F.3d 406, 410 (7th Cir. 2000).

The Constitution requires the government to prove beyond a reasonable doubt "every fact necessary to constitute the crime with which the defendant is charged," *Jackson v. Virginia,* 443 U.S. 307, 324 (1979), which in this case were the three elements set forth *infra*. The law does not require the government to *disprove* every conceivable hypothesis of innocence in order to sustain a conviction on an indictment proved beyond a reasonable doubt. *United States v. Townsend,* 924 F.2d 1385, 1389 ) (7th Cir. 2006) (emphasis in original). The only question is "[w]hether any rational trier of fact could have found, based on the evidence submitted at trial, the essential elements of the crime beyond a reasonable doubt?" *United States v. Humphreys,* 468 F.3d 1051, 1054 (7th Cir. 2006).

In this case, the government presented its case. Steward questioned the witnesses about the lack of videotape evidence and course of the investigation, which permitted an inference that any such evidence would have been unfavorable to the government. Nonetheless, when viewing the totality of the evidence in the light most favorable to the government, there is no question that there was sufficient evidence to support this conviction.

Steward's last argument was that there was no direct evidence, i.e. confession, to prove his guilt. The Court will overturn the guilty verdict "only when the record contains *no* evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Huddleston,* 593 F.3d 596, 601 (7th Cir. 2010) (emphasis added).

At the close of evidence, the jury was instructed about direct and circumstantial evidence. (Doc. 39, p. 6). The jury was also instructed about weighing the evidence and making "reasonable" inferences from the evidence. (Doc. 39, p. 5). The Seventh Circuit has also emphasized that circumstantial evidence is no less probative than direct evidence, and, in some cases is even more reliable. *United States v. Grier,* 866 F.2d 908, 923 (7th Cir.1989).

> "[C]rimes ... may be proved entirely by circumstantial evidence. If the prosecution presents enough circumstantial evidence to support, beyond reasonable doubt, an *inference* that the defendants agreed among themselves to distribute drugs, a jury would be justified in convicting those defendants of conspiring together." *United States v. Townsend,* 924 F.2d 1385, 1390 (7th Cir.1991) (citation omitted, emphasis in original). "If the government proves its case by circumstantial evidence, it need not exclude every reasonable hypothesis of innocence so long as the total evidence permits a conclusion of guilt beyond a reasonable doubt." "The trier of fact is free to choose among various reasonable constructions of the evidence." *United States v. Radtke,* 799 F.2d 298, 302 (7th Cir.1986) (citation omitted).

In this case, the jury heard testimony that the 'prohibited object' was found in Steward's jacket pocket. The jury also heard testimony regarding Steward's hand movements. It is the responsibility of the jury, not the court, to decide what conclusions should be drawn from the evidence admitted at trial. *United States v. Gonzalez*, 737 F. 3d 1163, 1168 (7th Cir. 2013). This case was not devoid of evidence, and based upon the

evidence introduced at trial, a reasonable jury could have concluded that Steward had knowledge that the prohibited item was in his pocket.

## CONCLUSION

For the reasons stated herein, the Motion for Judgment of Acquittal (Doc. 45) filed by Tavian Caleb Steward is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED:  June 14, 2024**

*/s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**